### ROEMER v. PEDDIE et al.

(Circuit Court of Appeals, Third Circuit. May 17, 1897.)

No. 4, March Term, 1897.

1. PATENTS—CONSTRUCTION OF CLAIMS—INFRINGEMENT—SATCHEL FRAMES.

The Roemer patent, No. 340,459, for a bag or satchel frame, is strictly limited by the prior state of the art, and its third claim is not infringed by a frame which does not have the described groove "adapted to receive the edge of the bag material."

2. SAME.

The Roemer patent, No. 378,263, for a bag or satchel frame, covers, in its first claim, a combination of elements, all of which, excepting the two ears described as pivoted on the end sections of the frame, were old; and said claim is not infringed by a frame having but one ear, instead of two, and a single rod in place of two pins. The second claim is for a combination of old elements without producing any new result, and is, therefore, void.

Appeal from the Circuit Court of the United States for the District of New Jersey.

This was a suit in equity by William Roemer against T. B. Peddie & Co. for alleged infringement of two patents for bag or satchel frames. The circuit court dismissed the bill, and the complainant appealed.

R. Wayne Parker, for appellant.

Louis C. Raegener, for appellees.

Before ACHESON and DALLAS, Circuit Judges, and BUFFINGTON, District Judge.

DALLAS, Circuit Judge. This is an appeal from a decree dismissing a bill for alleged infringement of two patents.

1. Patent No. 340,459, dated April 20, 1886, was issued to the appellant for a bag and satchel frame. The claim in question is as follows:

"(3) A bag or satchel frame having grooved sides adapted to receive the edge of the bag material, the lower edge or portion of said groove projecting outwardly beyond the upper edge of the said groove under the bag material, the said outwardly projecting portion being provided with perforations therein through which the stitches or rivets pass that secure the bag material to the frame, substantially as and for the purposes set forth."

The prior state of the art, as necessarily admitted, imperatively requires the limitation of this claim to the particular groove described; and as inspection plainly reveals that the defendants' frame does not have such a groove "adapted to receive the edge of the bag material," the charge of infringement cannot be sustained.

2. Patent No. 378,263, dated February 21, 1888, was also issued to the appellant for a bag or satchel frame. The claims alleged to have been infringed are as follows:

"(1) In a bag or satchel frame, the combination with end sections, b, b, of a frame, of jaws, c, c', pivoted at the opposite ends of and connecting said end sections, each of said jaws consisting, essentially, of a seat, d', a vertical portion, $d^2$, to elevate said seat, and a perforated flange, $d^3$, to receive the body material, and end sections, f, f, secured to the ends of said section d, and provided with ears $f^3$, $f^4$, pivoted on the end sections, b, b, of the frame, substantially as set forth.

"(2) In combination with jaws, c, c¹, of a bag frame, strap-like end sections, b, b, disposed vertically edgewise at the ends of the frame, and providing pivotal bearings for said jaws, substantially as and for the purposes set forth."

The first of these claims is for a combination, all the elements of which, with the exception of the two ears especially described as pivoted on the end sections of the frame, were unquestionably old. The appellees' construction comprises but one ear, not two, and, instead of two pins, it has a single rod, and without giving to the claim a breadth of construction which its language does not warrant, and which pre-existing devices render wholly inadmissible, these differences cannot be regarded as immaterial.

The second claim of this patent has been several times in litigation, and upon each occasion has either been not insisted upon, or has been held to be invalid; and the record in the present case leaves no room for doubt that each and all of its constituent contrivances were well known long before this patent was applied for. The utmost that can be justly credited to the appellant is that, in their aggregation, he exhibited an appreciative realization of the utility of each of them. It does not appear that he so associated them as to produce any new result as the consequence of their union; and therefore he did not create a patentable combination. Upon the whole case we are of opinion that no error was committed in the disposition made of it by the circuit court, and its decree is affirmed.